# IN THE COURT OF APPEALS OF IOWA

No. 19-1824
Filed December 18, 2019

**IN THE INTEREST OF P.D.,**
**Minor Child,**

**P.D., Mother,**
         Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Eric J. Nelson, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Sara E. Benson of Benson Law, P.C., Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Roberta J. Megel of State Public Defender Office, Council Bluffs, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

The mother and her child, born in 2015, came to the attention of the Iowa Department of Human Services (DHS) in early October 2018, when the mother tested positive for methamphetamine.[1]  She admitted to a history of methamphetamine use and recent relapse.  The mother agreed to have the child placed with the maternal grandmother.  The mother again tested positive for the substance later in October.  The juvenile court entered a formal order temporarily removing the child from the mother's care.  The child was adjudicated to be in need of assistance in January 2019.

The mother engaged in substance-abuse, mental-health, and psychiatric treatment.  But she continued to test positive for methamphetamine in the coming months.  As a result, it was recommended she participate in inpatient treatment; the mother refused.  While the mother's drug-test results show she experienced two short stints of sobriety during the proceedings, both were followed by relapse.  Although the mother was consistent in attending visitations, she did not progress beyond fully-supervised visits.  The State petitioned for termination in July.  At the time of the termination hearing in August 2019, the mother had a string of positive drug-test results dating back to June.  At the termination hearing, the mother admitted to using methamphetamine off and on for nearly ten years.  Her use was the basis for termination of her rights to her other children.  Despite her recent positive drug tests, she denied she used since the inception of the proceedings.  The child has remained in the care of the maternal grandmother since January

---

[1] The mother's parental rights have also been terminated as to her two older children.  She gave birth to a fourth child during the proceedings.

2019, where the younger sibling is also placed. The grandmother intends to adopt upon termination. The juvenile court ultimately terminated the mother's parental rights under Iowa Code section 232.116(1)(e), (h), and (*l*) (2019).[2]

The mother appeals. She challenges the sufficiency of the evidence supporting the statutory grounds for termination cited by the juvenile court, argues termination is not in the child's best interests due to the parent-child bond, requests the statutory exception to termination contained in Iowa Code section 232.116(3)(a) be applied and a guardianship be established in the maternal grandmother in lieu of termination, and claims the State failed to make reasonable efforts at reunification.

Our review is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

"On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). As to termination under section 232.116(1)(h), the mother only challenges the State's establishment of the final element of that provision—that the child could not be returned to her care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4) (requiring clear and convincing evidence that the child cannot be returned to the custody of the child's parents at the present time); *D.W.*, 791 N.W.2d at 707 (interpreting the statutory

---

[2] The parental rights of any putative father were also terminated. No father appeals.

language "at the present time" to mean "at the time of the termination hearing"). A de novo review of the record discloses that returning the child to the mother's care at the present would expose the child to a risk of adjudicatory harm. *See In re R.R.K.*, 544 N.W.2d 274, 277 (Iowa Ct. App. 1995) (noting children cannot be returned to their parents' care if they would remain in need of assistance or would be at risk of adjudicatory harm), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). Given the mother's continued use of methamphetamine, the child would be at risk of adjudicatory harm. *See* Iowa Code § 232.2(6)(c)(2), (n). We conclude the state met its burden for termination under section 232.116(1)(h).

We turn to the child's best interests. The mother argues termination is contrary to the best interests of the child, *see* Iowa Code § 232.116(2), due to the closeness of the parent-child bond. *See id.* § 232.116(3)(c). We choose to separately address the best-interests and statutory-exception issues. *See In re A.S.*, 906 N.W.2d 467, 472–73 (Iowa 2019) (discussing three-step termination framework).

In determining whether termination is in the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The mother has simply not progressed to a point at which her child can be returned to her care. She has been struggling with her addiction for nearly ten years. She has chosen it over her children, which is evidenced by her continued use despite having her rights terminated to two other children. "It is well-settled law that we

cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will . . . be able to provide a stable home for the child." *In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) (quoting *P.L.*, 778 N.W.2d at 39). We conclude the mother has been given ample time to get her affairs in order and this child's best interests are best served by providing permanency and stability now. *See id.* at 778 ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." (quoting *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997))). The child is in a relative placement that is willing to adopt. The child is integrated into this familial setting and is thriving. Continued stability and permanency in this home are in this child's best interests. *See* Iowa Code § 232.116(2)(b); *cf. In re M.W.*, 876 N.W.2d 212, 224–25 (2016) (concluding termination was in best interests of children where children were well-adjusted to placement, the placement parents were "able to provide for their physical, emotional, and financial needs," and they were prepared to adopt the children).

As to the mother's request for application of the statutory exception to termination contained in section 232.116(3)(c), we first note the application of the statutory exceptions to termination is "permissive, not mandatory." *M.W.*, 876 N.W.2d at 225 (quoting *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)). While we acknowledge a bond exists between the mother and child, we conclude application of the exception would be contrary to the child's best interests, which is our principal concern. *J.E.*, 723 N.W.2d at 798.

The mother also suggests a guardianship should be established in lieu of termination. "[A] guardianship is not a legally preferable alternative to termination."

*A.S.*, 906 N.W.2d at 477 (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). Although section 232.104(2)(d) allows for the establishment of a guardianship as a permanency option, section 232.104(3) requires "a judicial determination that [such a] planned permanent living arrangement is the best permanency plan for the child." *See B.T.*, 894 N.W.2d at 32–33. Determining the best permanency plan for a child is a best-interests assessment. A guardianship, rather than termination, would not promote stability or provide permanency to the child's life. *See In re R.S.R.*, No. 10-1858, 2011 WL 441680, at *4 (Iowa Ct. App. Feb. 9, 2011) ("So long as a parent's rights remain intact, the parent can challenge the guardianship and seek return of the child[ren] to the parent's custody.").

Finally, the mother argues the State failed to make reasonable efforts at reunification. She only argues the State "refused to expedite visitation to semi-supervised and unsupervised visitation." Upon our de novo review, given the mother's continued drug use, we find that decision was reasonable.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**